NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| OTICON, INC., <br><br> Plaintiff, <br> v. <br><br> ADVANCED AUDIOLOGY GROUP INC., et al., <br><br> Defendants. | Civ. No. 14-466 <br><br> OPINION |

THOMPSON, U.S.D.J.

This motion is before the Court upon Plaintiff Oticon, Inc.'s (hereinafter, "Plaintiff's") motion to dismiss counterclaims raised by Defendant Advanced Audiology Group, Inc. (hereinafter, "Defendant"). (Doc. No. 13). The Court issues the Opinion below based upon the written submissions and without oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the reasons stated herein, the Court will grant Plaintiff's motion.

BACKGROUND

This issue currently before the Court centers on an alleged promise by Plaintiff to loan Defendant funding for a "minimum of one hundred" hearing aid clinics.

On September 28, 2012, the two parties entered into a written Purchase and Security Agreement, under which Plaintiff agreed to supply hearing aids and other products to Defendant in exchange for Defendant's commitment to certain purchase obligations. (Doc. No. 1 at 1). This written agreement also provided Defendant funding in the amount of $75,000 for each hearing aid clinic Defendant built as well as a "credit line of $1,000,000 with interest abatement." (Doc. No. 7 at 12). The agreement did not state that Plaintiff would fund a certain amount of clinics and made no mention of the one hundred hearing aid clinics.

1

On January 20, 2014, Plaintiff filed a cause of action against Defendant for Defendant's failure to follow certain obligations under the contract. On March 27, 2014, Defendant filed a counterclaim alleging that Plaintiff failed to follow through on its "oral" promise to fund a minimum of one hundred hearing aid clinics. (Doc. No. 10). Defendant claims that, prior to signing the September 28, 2012 Purchase and Security Agreement, Plaintiff made an additional commitment to loan Defendant funding for a "minimum of one hundred" hearing aid clinics. (Doc. No. 10. at para. 12). Defendant claims that, though the one hundred clinics were not mentioned in the Agreement, "it always understood the 100 clinics to be an integral part of the agreement and had this not been the situation it never would have entered into the agreement." (Doc. No. 17 at 8). On April 24, 2014, Plaintiff filed the motion to dismiss all of Defendant's counterclaims currently before the Court.

DISCUSSION

1. Legal Standard

A motion under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint. *Kost v. Kozakiewicz*, 1 F. 3d 176, 183 (3d Cir. 1993). The defendant bears the burden of showing that no claim has been presented. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). When considering a Rule 12(b)(6) motion, a district court should conduct a three-part analysis. *See Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'take note of the elements a plaintiff must plead to state a claim.'" *Id*. (quoting *Ashcroft v. Iqbal*, 56 U.S. 662, 675 (2009)). Second, the court must accept as true all of a plaintiff's well-pleaded factual allegations and construe the complaint in the light most favorable to the plaintiff. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). The court may disregard any conclusory legal allegations. *Id*. Finally, the court must determine whether the "facts are

2

sufficient to show that plaintiff has a 'plausible claim for relief.'" *Id*. at 211 (quoting *Iqbal*, 556 U.S. at 679). Such a claim requires more than a mere allegation of an entitlement to relief or demonstration of the "mere possibility of misconduct;" the facts must allow a court reasonably to infer "that the defendant is liable for the misconduct alleged." *Id*. at 210, 211 (quoting *Iqbal*, 556 U.S. 678-79).

    2. Analysis

Defendant's Counterclaim raises two claims: breach of contract and fraud.[1] The Court will address each issue in turn.

    **a. Breach of Contract**

Plaintiff claims that Defendant cannot bring a cause of action for breach of the "100-Store Financing Promise" because the claim is based on an alleged oral agreement or promise and involves a loan of money. Under N.J.S.A. 25:1-5(f), "[n]o action shall be brought" under a "contract, promise, undertaking or commitment to loan money or to grant, extend, or renew credit, in an amount greater than $100,000 . . . unless the agreement or promise . . . is in writing, and signed by the party to be charged therewith, or by some other person thereunto by him lawfully authorized."

Here, Defendant alleges that Plaintiff promised to provide a business loan for a minimum of one hundred" hearing aid clinics. Defendant states in his Counterclaim that this promise was "oral" and that it was not included or mentioned in the final written contract. (Doc. No. 10. at para. 12)("[d]espite the fact that [Defendant] insisted on a commitment for expansion of a minimum of 100 centers, the Agreement did not specify the orally agreed upon expansion"). Therefore, on the face of the counterclaim, the Statute of Frauds applies.

---

[1] Defendant withdrew his claim for breach of the implied covenant of good faith and fair dealing. (Doc. No. 17 at 7). Therefore, this counterclaim will be dismissed.

Defendant's brief seemingly raises two arguments as to why the Statute of Frauds should not apply: (1) the agreement was actually written; and (2) Defendant partially performed.[2]

### i. *Written Agreement*

Defendant argues in his brief that the alleged promise was not oral and that the promise was actually made through an exchange of letters on August 7, 2012 and in November 2013. Plaintiff objects to the consideration of these letters on the grounds that these letters were not submitted with the Counterclaim and the August 7, 2012 letter was not mentioned in the Counterclaim.

As a general rule, "a district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). However, a "document *integral to or explicitly relied* upon in the complaint" may be considered "without converting the motion [to dismiss] into one for summary judgment." (*Id*. at 1426).

Here, this exchange of letters does not appear integral to the allegations as they are expressed in the Counterclaim. The letters would actually serve to contradict Defendant's explicit statement in the Counterclaim that the promise was "oral," not written. Moreover, it does not appear that the documents were explicitly relied upon in alleging the breach of contract claim in the Counterclaim. The August 7, 2012 exchange is not mentioned or clearly alluded to in the Counterclaim, and the November 2013 letters were written after the contract was already formed. Therefore, the Court will not consider these new submissions.

---

[2] Defendant's Counterclaim and briefs make no other allegations that the Statute of Frauds should not apply.

>              ii.  *Partial Performance*

Defendant also alleges that the agreement does not need to be written because Defendnat "partially performed the contract by establishing new clinics as required by the parties' agreement." (Doc. No. 16 at 6).

"Not all performance will trigger the doctrine of part performance." *Lahue v. Pio Costa*, 263 N.J. Super. 575, 599 (App. Div. 1993). The doctrine of partial performance applies only to performance that is "clearly referable to the execution of the contract and not to some other relation." *Id*. If the alleged part performance is consistent with a separate obligation or agreement, then the performance does not trigger the doctrine of partial performance. *Delnero v. Serra*, 2 N.J. Super. 350, 352 (Ch. Div. 1952).

Here, the establishment of new clinics is also consistent with performance of the written Purchase and Security Agreement, which explicitly discusses the establishment of new hearing aid clinics. Therefore, the doctrine of partial performance does not apply.

For the reasons set forth above, the breach of contract claim will be dismissed without prejudice.

>        b. **Fraud**

To maintain a cause of action for fraud, a party must plead "(1) a material misrepresentation of a presently existing or past fact; (2) knowledge or belief by the defendant of its falsity; (3) an intention that the other person rely on it; (4) reasonable reliance thereon; and (5) resulting damages." *Alexander v. CIGNA Corp.*, 991 F. Supp. 427, 435 (D.N.J. 1998). Federal Rule of Civil Procedure 9(b) states that fraud claims must meet heightened pleading requirements. A defendant must state the "date, place or time" of the fraud, or otherwise "inject[] precision and

some measure of substantiation into their allegations of fraud." *Lum v. Bank of Am.*, 361 F.3d 217, 224 (3d Cir. 2004) (quotations omitted).

Here, Defendant alleges that Plaintiff "misrepresented facts to [Defendant] which [Plaintiff] knew, believed or should have known were false." (Doc. No. 7 at para 65). Plaintiff allegedly "enticed" Defendant to enter the agreement by "communicating" that Plaintiff would fund a minimum of 100 clinics; however, Plaintiff failed to include this in the actual writing. (Doc. No. 17 at 12). On its face, the Counterclaim provides insufficient "precision" as to necessary components of a fraud claim. Specifically, Defendant's Counterclaim does not state which employee of Plaintiff made these comments, to whom the comments were made, and in what way the statements were incorrect.

Furthermore, the economic loss doctrine "prohibits [parties] from recovering in tort economic losses to which their entitlement only flows from a contract." *Bracco Diagnostics, Inc. v. Bergen Brunswig Drug Co.*, 226 F.Supp 2d 557, 52 (D.N.J. 2002); *Gleason v. Norwest Mortg. Inc.*, 243 F.3d 130, 144 (3d Cir. 2001) (fraud claims must be "extrinsic to underlying contract claims"). Here, the Counterclaim demonstrates that Defendant's claim for fraud flows from the misrepresentations made about the contract between Defendant and Plaintiff. Therefore, the fraud claim is barred by the economic loss doctrine.

For the reasons set forth above, Defendant's fraud claim will be dismissed with prejudice.

## CONCLUSION

For the reasons set forth above, Plaintiff's motion to dismiss Defendant's counterclaims will be granted. The breach of contract claim will be dismissed without prejudice.

                                                  */s/ Anne E. Thompson*
                                                ANNE E. THOMPSON, U.S.D.J.