NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| OTICON, INC., <br><br> Plaintiff, <br> v. <br><br> ADVANCED AUDIOLOGY GROUP INC., et al., <br><br> Defendants. | Civ. No. 14-466 <br><br> **OPINION** |

THOMPSON, U.S.D.J.

This motion is before the Court upon Defendant Advanced Audiology Group, Inc.'s (hereinafter, "Defendant's") motion for reconsideration of this Court's June 17, 2014 Order dismissing Defendant's Counterclaims. (Doc. No. 25). Plaintiff Oticon, Inc. opposes the motion. (Doc. No. 26). The Court issues the Opinion below based upon the written submissions and without oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the reasons stated herein, the Court will deny Defendant's motion for reconsideration.

BACKGROUND

On June 17, 2014, this Court granted Plaintiff's motion to dismiss Defendant's Counterclaims. (Doc. No. 24). The Court dismissed Defendant's claims for fraud in the inducement and breach of the implied covenant of good faith and fair dealing with prejudice. The claims for breach of contract were dismissed without prejudice.

On July 1, 2014, Defendant filed a motion for reconsideration with respect to the dismissal of the breach of contract claims and the fraud in the inducement claims. (Doc. No. 25).

## DISCUSSION

"It is well-established in this district that a motion for reconsideration is an extremely limited procedural vehicle." *Resorts Int'l v. Greate Bay Hotel & Casino*, 830 F. Supp. 826, 831 (D.N.J. 1992). To prevail on a motion for reconsideration, the movant must show one of the following: (1) an intervening change in controlling law; (2) the availability of new evidence that was not available when the court rendered judgment; or (3) a need to correct a clear error of law or fact or to prevent manifest injustice. *Max's Seafood Café ex rel. Lou–Ann, Inc., v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). Under the third prong, the movant must show that "dispositive factual matters or controlling decisions of law were brought to the court's attention but not considered." *P. Schoenfeld Asset Management LLC v. Cendant Corp.,* 161 F. Supp. 2d 349, 353 (D.N.J. 2001) (internal quotations and citations omitted).

Here, Defendant alleges that the Court overlooked certain facts and law in arriving at its decision. After thorough review of the record and Defendant's arguments, the Court finds that Defendant has not met the standard for a motion for reconsideration.

## CONCLUSION

For the reasons set forth above, the motion for reconsideration is denied.

>     */s/ Anne E. Thompson*
> ANNE E. THOMPSON, U.S.D.J.